THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Larry
 Hendricks, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Ralph K. Anderson, III, Administrative
Law Court Judge

Unpublished Opinion No. 2012-UP-295  
 Submitted April 2, 2012 – Filed May 16,
2012

AFFIRMED

 
 
 
 Larry Edward Hendricks, pro se.
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Larry
 Edward Hendricks appeals the dismissal of his inmate disciplinary action by the
 Administrative Law Court (ALC), arguing the ALC erred in summarily dismissing
 his administrative appeal despite (1) a circuit court order remanding the
 appeal for a determination on its merits and (2) the ALC's failure to order the
 Department of Corrections (the Department) to make an appearance before the
 ALC.  Moreover, Hendricks contends no substantial evidence exists to support
 the Department's disciplinary decision.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the ALC erred in
 dismissing Hendricks's appeal on remand from the circuit court: S.C. Code Ann.
 § 1-23-610(B) (Supp. 2011) (limiting reversal of the ALC's decision unless
 "in violation of constitutional or statutory provisions; . . . affected by
 other error of law; . . . [or] arbitrary or capricious or characterized by
 abuse of discretion or clearly unwarranted exercise of discretion"); S.C.
 Code Ann. § 1-23-600(D) (Supp. 2011) ("[The ALC]
 shall not hear an appeal from an inmate in the custody of the Department . . . involving
 the loss of the opportunity to earn sentence-related credits.").
2.  As to all other
 issues: Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598,
 613, 518 S.E.2d 591, 598 (1999) (holding
 an appellate court need not review remaining issues
 on appeal when its determination of a prior issue is dispositive).
AFFIRMED.
FEW, C.J., HUFF and SHORT,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.